

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

KMR/PL AGR
USAO2020R00647

970 Broad Street, 7th floor
Newark, New Jersey 07102

RECEIVED
AUG 09 2023
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

May 25, 2023

Michael J. Gilbert, Esq.
Sheppard Mullin
30 Rockefeller Plaza
New York, NY 10112

    Re:    <u>Plea Agreement with Josef Neuman</u>

23-638(MAS)

Dear Mr. Gilbert:

    This letter sets forth the plea agreement between your client, Josef Neuman ("Neuman"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 16, 2023, if it is not accepted in writing by that date. If Neuman does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

    This plea agreement is contingent upon approval by the United States Department of Justice Tax Division. If this agreement is not approved by the United States Department of Justice Tax Division, the agreement will be null and void.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Neuman to an Information which charges that from October 1, 2018 through December 31, 2018, Neuman knowingly and willfully failed to collect, truthfully account for, and pay over to the IRS payroll taxes due and owing to the United States on behalf of Concord Healthcare Group LLC, in violation of 26 U.S.C. § 7202. The Office will accept such a guilty plea from Neuman only if: (1) Neuman admits under oath at the time of his guilty plea to willfully failing to collect, truthfully account for, and pay over to the IRS payroll taxes due and owing to the United States for tax years 2017 and 2018 for certain entities he owned or controlled, listed in Paragraph 13 to the attached Schedule A; and (2) the conduct for tax years 2017 and 2018 is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c). If Neuman enters a

guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Neuman for willful failure to collect or pay over payroll taxes for businesses he owned or controlled for tax years 2016, 2017, 2018, and 2019.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Neuman even if the applicable statute of limitations period for those charges expires after Neuman signs this agreement, and Neuman agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 26 U.S.C. § 7202 to which Neuman agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine of $10,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Neuman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Neuman ultimately will receive.

Further, in addition to imposing any other penalty on Neuman, the sentencing judge as part of the sentence:

(1)   will order Neuman to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   may order Neuman to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)   may order Neuman to pay the costs of prosecution;

(4)   pursuant to 18 U.S.C. § 3583, may require Neuman to serve a term of release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Neuman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term,

Neuman may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Neuman also agrees to pay restitution in the amount of $10,884,373 to the Internal Revenue Service ("IRS") under 18 U.S.C. § 3663(a)(3). The restitution amount shall be paid according to a plan established by the Court. If the Court orders Neuman to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Neuman does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Neuman's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Neuman by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Neuman's activities and relevant conduct with respect to this case.

Stipulations

This Office and Neuman will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that

stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Neuman waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Neuman understands that, if Neuman is not a citizen of the United States, Neuman's guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Neuman understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Neuman wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Neuman's removal from the United States. Neuman understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Neuman waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Neuman also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Federal Tax Forms 870 and 2504 Waivers</u>

Prior to the date of sentencing, Neuman shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2017 and 2018; (2) sign and file with the IRS a Form 2504 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2017 and 2018; (3) provide all appropriate documentation to the IRS in support of such Form 870 and 2504 Waivers, upon request; (4) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (5) fully cooperate with the IRS and comply with

the tax laws of the United States. Further, Neuman agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Neuman. With respect to disclosure of the criminal file to the IRS, Neuman waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Neuman's tax returns and return information.

Furthermore, Neuman agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2017 and 2018 or for any other amounts paid in accordance with this agreement. Neuman agrees that the provisions set forth in this agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Neuman. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Neuman from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Neuman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: *Katherine M. Romano*

KATHERINE M. ROMANO
Assistant U.S. Attorney

APPROVED:

JASON S. GOULD
Chief, Health Care Fraud Unit

- 7 -

     I have received this letter from my attorney, Michael J. Gilbert, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*[signature]*

Date: 6/25/2023

Josef Neuman


     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*

Date:

Michael J. Gilbert, Esq.
Counsel for Defendant Josef Neuman

## Plea Agreement With Josef Neuman

## Schedule A

1. This Office and Neuman recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2021 applies in this case.

3. The applicable guideline is U.S.S.G. § 2T1.6. The base offense level is the level from U.S.S.G. § 2T4.1 corresponding to the tax not collected or accounted for and paid over.

4. The offense charged in the Information involved a tax loss of approximately $195,001.74.

5. The relevant conduct from tax years 2017 and 2018 involved a tax loss of approximately $10,689,371.24. *See* U.S.S.G. § 1B1.3.

6. Because the combined tax loss is more than $9,500,000 but not more than $25,000,000, the Base Offense Level is 26. *See* U.S.S.G. § 2T4.1(K).

7. As of the date of this letter, Neuman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Neuman's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Neuman has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Neuman's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Neuman enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Neuman's acceptance of responsibility has continued through the date of sentencing and Neuman therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Neuman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that the total Guidelines offense level applicable to Neuman is 23 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 57 months, and except as specified in the next paragraph below, Neuman will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 46 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

    (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

13. This Office and Neuman stipulate that Neuman's willful failure to collect, truthfully account for, and pay over to the IRS payroll taxes due and owing to the United States as to the below 21 entities for tax years 2017 and 2018 were part of the same course of conduct or common scheme or plan as the offense charged in the Information:

| |
|---|
| Concord Healthcare Group LLC |
| Copperas AL Operator LLC |
| Copperas HC Operator LLC |
| Fairview Operations LLC |
| Gardendale Operator LLC |
| Golden HC Operator LLC |
| Groesbeck Healthcare Residence LLC |
| Lampasas Healthcare Residence LLC |
| Manor Nursing and Rehab Center LLC |
| Mineola Nursing and Rehab Center LLC |
| Mount Vernon Healthcare Residence LLC |
| Pine Valley Specialty Hospital Operator LLC |
| Quitman Nursing and Rehab Center LLC |
| San Saba Nursing and Rehab Center LLC |
| Trinity HC Operator LLC |
| Waco Healthcare Residence LLC |
| West Lake Healthcare Residence Operator. LLC |
| Western Hills Nursing and Rehab Center LLC |
| Winterhaven Healthcare Residence Operator. LLC |
| Winters AL Operator LLC |
| Winters HC Operator LLC |