**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSEF NEUMAN. | Criminal Action No. 23-638 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Josef Neuman's ("Neuman") correspondence, which the Court construes as a Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1) (the "Motion"). (ECF No. 21.) The United States of America (the "Government") opposed the Motion. (ECF No. 22.) The Court has carefully considered the submissions and reaches its decision without oral argument pursuant to Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On August 9, 2023, Neuman pled guilty to a one-count Information charging him with knowing and willful failure to collect, truthfully account for, and pay over payroll taxes to the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7202 (*See* Information, ECF No. 1; Plea Agreement, ECF No. 5.)

On April 5, 2024, Neuman was sentenced to thirty months of imprisonment followed by two years of supervised release, with special conditions. (*See* Apr. 2024 J., ECF No. 19.) In his Motion, Neuman moves for early termination of supervised release on the basis that "[early

termination] would significantly help [him] to start paying off [his] restitution to the IRS more quickly in a more reasonable way." (Neuman's Mot. 1-2, ECF No. 21.) The Government opposed Neuman's Motion. (Gov't's Opp'n Br., ECF No. 22.)

## II. LEGAL STANDARD

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). When reviewing the Section 3553(a) factors, the Court need not make specific findings for each factor. *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020). Rather, the Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit has held that Section 3583(e)(1) does not require a finding of new or unforeseen circumstances, it also reasoned that, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (alteration in original) (internal quotation marks and citation omitted). The Third Circuit reasoned "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, [the Court] would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release." *United States v. Wilson*, 707 F.3d 412,416 (3d Cir. 2013).

## III. DISCUSSION

The Court finds that early termination of supervised release is not warranted here for two reasons.

*First*, Neuman filed his motion approximately two months after beginning his term of supervised release. (*See generally* Neuman's Mot.) As noted above, 18 U.S.C. § 3583(e) allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release." Thus, Neuman's Motion must be denied because it is premature.

*Second*, Neuman's Motion is barred by his plea agreement. (*See* Plea Agreement Sch. A ¶ 11 ("Neuman will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel.").) Indeed, as the Government asserts in its opposition, "Neuman's [M]otion is also barred by the plea agreement, which specifically provided that if the term of imprisonment imposed by the Court did not exceed 57 months—which it did not—Neuman could not bring a motion for early termination of supervised release." (Gov't's Opp'n Br. 2 (citing Plea Agreement Sch. A ¶ 11).) Accordingly, Neuman's Motion is denied.

## IV. ORDER

For the foregoing reasons,

**IT IS** on this 14th day of October 2026 **ORDERED** that:

1. Neuman's Motion (ECF No. 21) is **DENIED.**
2. The Clerk of Court shall send a copy of this Memorandum Order to Defendant by regular U.S. mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE